WILLIAM GEISMANN et al., Respondents, v. FREDERICK TRISH et al., Appellants.

Springfield Court of Appeals, December 5, 1910.

1. REAL PROPERTY: Streets and Alleys: Reservation for Alley Purposes: Established by User. A landowner in conveying certain lots to different purchasers, reserved in each deed ten feet on one side of each lot for alley purposes. The reservations in the various deeds are examined in connection with the fact that the improvements on the lots were constructed with reference to the alley, and it was opened for use and remained open for more than ten years. *Held*, that the intention of the original grantor to reserve the ten feet for alley purposes conclusively appeared, and the right to use the strip for alley purposes was also established by the ten years' user.

2. ———: Notice: Deeds. Purchasers of real estate are bound to take notice of the contents of former deeds affecting the title.

3. ———: Easements: User: Vested Rights. An easement in the nature of a private way may be acquired by ten years' adverse use and the right therein acquired is a vested right.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds*, Judge.

AFFIRMED.

*Chas. A. Smith* and *William McNamee* for appellants.

(1)   The four essential facts for the plaintiffs to prove in order to sustain their claim to an easement by

prescription are, first: User for the prescribed period; second, that the user was adverse; third, that it was under a claim of right; and fourth, notice to the owner of the user and of its character and the claim of right. Anthony v. Building Co., 188 Mo. 704. (2) If the subject of the grant cannot be ascertained by its description, the grant becomes void from the necessity of the case. 3 Washburn, sec. 2289; Wofford v. McKinna, 23 Tex. 44; Campbell v. Johnson, 44 Mo. 248; Jennings v. Brigeadine, 44 Mo. 232; Carter v. Holmann, 60 Mo. 498; Mudd v. Dillon, 166 Mo. 120; Martin v. Kitchen, 195 Mo. 477.

*Chas. J. Maurer* for respondents.

That the prayer for an injunction is the proper remedy in this cause is shown by the following cases: Lakenan v. Railroad, 36 Mo. App. 363; Stillwell v. Railroad, 39 Mo. App. 221; Carlin v. Paul, 11 Mo. 32; Fuhr v. Dean, 26 Mo. 116; Downing v. Dinwiddie, 132 Mo. 92.

GRAY, J.—This is an action in equity, brought by the plaintiffs in the circuit court of the city of St. Louis, to enjoin and restrain the defendants from obstructing and interfering with the lawful right of plaintiffs to the use of an alley in that city. The trial court rendered judgment in favor of the plaintiffs, and from that judgment the defendants appealed to the Supreme Court. The appeal was allowed to the Supreme Court on the theory that the title to real estate is involved. On motion of the respondents, the Supreme Court transferred the cause to the St. Louis Court of Appeals, and that court, by an order of record, transferred the cause to this court.

There is not much dispute about the facts. In 1888, Frank Humann was the owner of lots 1 and 2 of ''Montrose Place,'' in the city of St. Louis. The said

lots were on the south side of Cote Brilliante avenue, having a frontage on said avenue of 125 feet, with a depth southwardly and along the east line of Union avenue 150 feet. Humann conceived the idea that a frontage on Union avenue would be better than on Cote Brilliante, and he re-subdivided the two lots into five, making one of fifty feet north and south on Union avenue and extending east 125 feet, and immediately adjoining Cote Brilliante avenue. The other four lots were twenty-five feet each in width on Union avenue, and extending east parallel with the fifty foot lot. As the lots were thus laid off, they were bounded on the north by Cote Brilliante avenue; on the west by Union avenue, and on the south by a public alley. The lot owned by the appellants is the most southern of the five lots, and has a frontage on Union avenue of twenty-five feet, and abuts its full length on the south, on the public alley before mentioned.

The plaintiff, Geismann, is the owner of the north twenty-five foot lot; the plaintiff, Tieth, of the first lot south of Geismann, and the plaintiffs, John R. Smith and Mary T. Smith, are the owners of the first lot north of the defendants. The evidence shows that some time prior to 1892, Humann erected a house on each of the four twenty-five foot lots, and at the time the houses were erected, he left a strip ten feet wide for a private alley on the east side of the lots, and extending from the public alley north to Cote Brilliante avenue. The property east of the lots in question was fenced on the east side of the private alley, and Humann erected his fence on the west side of the alley, so that the strip of land ten feet in width was left open from the public alley north to Cote Brilliante avenue. The improvements on the property were all constructed with reference to this alley, and it was the only means the plaintiff had of getting coal and other supplies of like nature to their premises.

When Humann deeded the lots, the following res-
ervations were made in the deeds: To the Geismann
lot, "Ten feet of the said eastern one hundred and
twenty-five feet to be reserved as a right of way for
the benefit of the adjoining property owners to be used
as a private alley." To the fifty foot lot on the north:
"The eastern ten feet of the above described property
is to be left open for use as entrance and egress of par-
ties acquiring under said Frank Humann." To the
Tieth lot: "Ten feet of the eastern portion of said lot
being reserved as a right-way for a private alley for the
use of adjoining property." To the Smith lots: "It is
understood that the eastern ten feet of this lot is re-
served for an alley." To the defendants' lot: "Ten
feet of said lot being reserved as a right-way." The
plaintiffs and defendants acquired their titles from the
grantors of Humann.

Some time in 1903 the defendants erected a wire
fence across the south end of the alley. This remained
but a short time when it was torn down, and there is a
dispute in the evidence as to whether it was ever
erected again, the defendants claiming that the fence
was rebuilt but torn down again, while the plaintiffs
claim it was only erected once. The defendants admit
that when they purchased their lot the fence was
erected on the west side of the ten foot strip and ex-
tending from the alley to the north side of the four
twenty-five foot lots. Humann was a witness for the
plaintiffs and testified that when he changed the front-
age of his lots, he laid off the alley ten feet wide on
the east side of the tract, erected a cottage on each of
the four southern lots, and put a fence on the west side
of the alley, and opened it up for the use of the ad-
joining owners.

The defendants claim in the deed from Humann to
their grantor, the boundaries of the alley are so indefi-
nite that the reservation was void and the title to all
the lot free of the easement passed to their grantor.

It will not be necessary to pass upon this question. There was abundant testimony before the court to show that Humann, some time prior to 1892, opened the alley on the east end of all of the lots; that he erected a fence on the west side of the alley, and erected sheds for coal and other material on the west edge of the alley; that when the property was standing in that condition, he sold the lots from time to time, and expressly stating in each deed that ten feet in width on the east end of the premises was reserved for an alley. From the time he opened the alley to the time defendants first claimed they erected their fence across the south end thereof, more than ten years had elapsed during which the alley had been open to the free and unobstructed use of all the property-owners owning property thereon.

When defendants purchased, they were bound to take notice of the contents of former deeds affecting their title. By reference to the deed from Humann to their grantor, they were informed that an alley ten feet wide was reserved across the property. When they went to view the property as prospective purchasers, they saw the alley opened to use, and that it was the only means the owners of the lots on the north had of getting to their coal sheds and other buildings in the rear of their lots. They were, therefore, notified that this alley was opened and must have known that it was opened for the purposes of an alley and was being used as such.

The intention of the owner to leave the strip open for a private alley conclusively appears from his deeds as well as from his testimony in the case. The user by the plaintiffs and others having business with them for more than ten years previous to the time defendants erected their fence, also was established by the testimony. Under these circumstances, the plaintiffs had an easement or private way over the alley. The rule is that an easement in the nature of a private way may

State ex rel. v. Wilson.

be acquired by ten years' adverse use, and that a right thus acquired is a vested right. [Power v. Dean, 112 Mo. App. 288, 86 S. W. 1100.]

The equities of the case are with the plaintiffs, and as the defendants have shown no right to exclude the plaintiffs from the use of the alley, the judgment of the trial court enjoining them from excluding plaintiffs therefrom, must be affirmed. All concur.